**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
ROANOKE DIVISION

| | |
|---|---|
| PHILIP BUTLER GROGGINS,<br><br>        *Appellant*,<br><br>v.<br><br>JUDY A. ROBBINS, U.S. TRUSTEE FOR REGION 4,<br><br>        *Appellee.* | CASE NO. 7:15-cv-00690<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This case is on appeal (dkts. 1 & 1-1) from an order of this District's Bankruptcy Court granting appellee's motion for summary judgment and denying the debtor-appellant a discharge. (Dkt 1-2). On July 23, 2014, Debtor Philip Groggins ("Groggins") filed a Chapter 13 bankruptcy petition, which the Bankruptcy Court later converted to a Chapter 7 petition. (Dkt. 1-2 at 1). Subsequently, Groggins was indicted on—and pled guilty to—bankruptcy fraud in this District, based on his failure to disclose a prior bankruptcy petition filed in Maryland. *See United States v. Groggins*, No. 6:14-cr-00021 (W.D. Va.).

  As a result, the United States Trustee ("U.S. Trustee") objected to any bankruptcy discharge. She argued that Groggins' bankruptcy fraud conviction collaterally estopped him from contending that he had not made a false oath in connection with his Virginia bankruptcy case, and thus a discharge was unwarranted. (Dkt. 5-7 at 3-4; dkt. 5-10 at 2-4; *see* 11 U.S.C. 727(a)(4)). The Bankruptcy Court agreed. (Dkt. 1-2). Because the principles of collateral estoppel apply so as to deny Groggins a discharge, the Bankruptcy Court's order will be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

To briefly summarize the background of this case, Groggins filed a bankruptcy petition in Maryland in 2014, which was quickly dismissed. He then filed a bankruptcy petition in Virginia, but failed to disclose his Maryland petition. Based on this omission, he was charged with and pled guilty to bankruptcy fraud for making a false oath.

More specifically, in April 2014, Groggins petitioned the bankruptcy court in Maryland, but the petition was dismissed six days later. (Dkt. 10 at ECF 52). In July 2014, he filed the bankruptcy petition in Virginia that underlies this appeal. (*Id*. at ECF 53). The Virginia petition failed to disclose that Groggins had filed the Maryland petition. (*Id*.). Based on that and other omissions, the Government indicted Groggins in the Western District of Virginia on October 16, 2014 for, *inter alia*, a count of bankruptcy fraud in violation of 18 U.S.C. § 152(3). (*Id*. at ECF 55).

Groggins subsequently pled guilty before me to the bankruptcy fraud count in late 2014. (Dkt. 10 at ECF 57, 65, 70). On May 22, 2015, I entered the criminal judgment, sentencing Groggins to 27 months imprisonment on the bankruptcy fraud count, to run concurrently with his sentence on another count. (*Id*. at ECF 71-72). Approximately two months later, the U.S. Trustee asked the Bankruptcy Court to deny Groggins a discharge in the Virginia bankruptcy case. (*Id*. at ECF 10-13). She argued that his guilty plea and criminal conviction in this Court for bankruptcy fraud (for omitting, in his Virginia bankruptcy petition, mention of his Maryland bankruptcy petition) conclusively established that he "made a false oath or account" in "connection with th[e Virginia bankruptcy] case," thus justifying a denial of discharge under 11 U.S.C. § 727(a)(4)(A). (*Id*.; *see also id*. at ECF 21-24). The Bankruptcy Court agreed, and this appeal ensued.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 applies to bankruptcy proceedings like the one that underlies this appeal. *See* Fed. R. Bank. P. 7056. Accordingly, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A material fact is one "that might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order to preclude summary judgment, the dispute about a material fact must be "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 250. In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994).

Federal courts are accorded "broad discretion to determine" whether collateral estoppel is justified. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 331 (1979); *e.g., Sales v. Grant*, 158 F.3d 768, 781 (4th Cir. 1998).[1]

---

[1] The Fourth Circuit has held that the first four elements of collateral estoppel described below are reviewed *de novo*, with the fifth element reviewed for abuse of discretion. *See Sandberg v. Virginia Bankshares, Inc.*, 979 F.2d 332, 344 (4th Cir. 1992). But it later vacated that opinion upon request of the parties. No. 91-1873(L), 1993 WL 524680 (4th Cir. Apr. 7, 1993). Although at least one unpublished Fourth Circuit case has since cited *Sandberg* as precedent, *Davis Vision, Inc. v. Maryland Optometric Ass'n*, 187 F. App'x 299, 302 (4th Cir. 2006), more recent binding precedent makes clear that it is not good law. *Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221, 228 n.5, 232 (4th Cir. 2011).

– 3 –

## ANALYSIS

### I. Application of Collateral Estoppel

There are five elements that must be satisfied to apply the doctrine of collateral estoppel. They are:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue must have been a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom estoppel is asserted must have had a full and fair opportunity to litigate the issue in the previous forum.

*Sedlack v. Braswell Servs. Grp., Inc.*, 134 F.3d 219, 224 (4th Cir. 1998).

#### A. Identical Issue

The bankruptcy fraud statute to which Groggins pled guilty and on which judgment was entered—18 U.S.C. § 152(3)—makes it illegal for a person to "knowingly and fraudulently make[] a false declaration, certificate, verification, or statement under penalty of perjury. . . in or in relation to relation to" a bankruptcy case. The indictment conveys that one falsity on which Groggins' bankruptcy fraud count rested was his failure to disclose the Maryland bankruptcy petition in his Virginia petition. (Dkt. 10 at ECF 53, 55). Prior to sentencing and through counsel, Groggins acknowledged that "he falsely declared that he had not previously filed a bankruptcy petition." *United States v. Groggins*, No. 6:14-cr-00021, dkt. 37 at 5 (W.D. Va. May 14, 2015). His plea agreement stated he pled guilty "because I am in fact guilty." (Dkt. 10 at

– 4 –

ECF 58). And at his plea hearing, these legal and factual issues were recounted to and admitted by Groggins. (Dkt 27-1 at 6-11, 14-15).[2]

Likewise, under the bankruptcy laws, a debtor may not be granted a discharge if he "knowingly and fraudulently, in or in connection with the [bankruptcy] case . . . made a false oath or account." 11 U.S.C. § 727(a)(4)(A). The grounds for dismissal rest on the same facts as Groggins criminal conviction, mainly, his failure to disclose the Maryland petition in his Virginia petition. As the Eleventh Circuit has said:

> The conduct involved in section 727 is identical to that proscribed under 18 U.S.C. § 152. Both provisions come into play only if a debtor issues a false statement in relation to his bankruptcy petition. As each provision is implicated only if the improper conduct is undertaken knowingly and fraudulently, the intent requirements are also identical.

*Matter of Raiford*, 695 F.2d 521, 522 (11th Cir. 1983); *see In re Petersen*, 315 B.R. 728, 733 (Bankr. C.D. Ill. 2004) (holding the same and compiling similar cases). Accordingly, the first element of collateral estoppel is met.

B.   **Prior, Actual Determination**

The issue of Groggins' failure to disclose his Maryland bankruptcy was also actually determined in his criminal case. Again, Groggins acknowledged that he was "in fact guilty" of Count 8, the bankruptcy fraud count. (Dkt. 10 at ECF 58). He stipulated that "there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which" he pled guilty. (*Id*. at ECF 68). He waived the right to collaterally attack any order issued in his criminal case, and he agreed not to "deny I committed any crime to which I have pled guilty." (*Id*. at ECF 64-65). Finally, at Groggins' guilty plea

---

[2]   The Court will grant the U.S. Trustee's motion to take judicial notice of the full transcript of Groggins guilty plea hearing and the factual basis of his plea. (Dkt. 27). These documents are public records whose veracity cannot reasonably be questioned, as they were both entered on the docket of this Court in Groggins' criminal case.

– 5 –

hearing, the Government summarized the elements of the bankruptcy fraud count and the fact that he failed to disclose the Maryland petition. (Dkt. 27-1 at 6, 14-15). And because the burden of proof is higher in a criminal than in a civil case, the determinations in Groggins' criminal case necessarily satisfy the evidentiary threshold in the bankruptcy case. *See In re Chaplin*, 179 B.R. 123, 126-27 (Bankr. E.D. Wis. 1995).

### C. Critical and Necessary Part of the Prior Case

Third, the establishment of Groggins' failure to disclose his Maryland petition was critical and necessary to his criminal case: Without evidence that all elements of 18 U.S.C. § 152(3) were met, he could not have been constitutionally convicted and sentenced.

### D. Valid Final Judgment

This Court entered a final judgment in Groggins' criminal case on May 22, 2015. *United States v. Groggins*, No. 6:14-cr-00021, dkt. 42 (W.D. Va. May 22, 2015). The judgment was executed on August 20, 2015. (*Id.* at dkt. 47). No successful appeal or collateral attack on the judgment has been filed and therefore it remains valid.

### E. Full and Fair Opportunity to Litigate

Groggins also had a full and fair opportunity to litigate the issue in his criminal case. For one, he was represented by counsel. Given that his freedom was at stake, he also "had every reason to try to establish his innocence in the criminal proceeding." *Raiford*, 695 F.2d at 524. Nevertheless, he admitted his guilt both in a written plea and in open court. Thus, the final element of collateral estoppel is satisfied.

## II. Groggins' Arguments

Groggins makes two arguments against the bankruptcy court's use of collateral estoppel and summary denial of his discharge, but neither is availing.

Groggins asserts that he had no knowledge of his Maryland bankruptcy petition, implying that an attorney filed it without his permission. (Dkt. 13 at 5-6). For one, Groggins cites to no evidentiary support in the record for this position. More importantly, this kind of attack on—and corresponding attempt to relitigate—an issue that cuts to the heart of his prior criminal conviction is precisely what the doctrine of collateral estoppel is meant to curtail. Groggins' present argument about the circumstances of his Maryland petition might have been a reasonable (even if not successful) defense to his criminal charge. But that opportunity passed when Groggins pled guilty to bankruptcy fraud for failing to disclose his Maryland petition.

Second, Groggins contends that he pled guilty not to violating 18 U.S.C. § 152(3)—which outlaws false declarations, certifications, verifications, or statements—but rather to § 152(1), which forbids concealment of assets. (Dkt. 13 at 6-7; dkt. 24 at 2-3). Although never fleshed out in detail, Groggins' argument is rooted—as the U.S. Trustee observes—in typographical errors made by the Government in the indictment and plea agreement. These documents occasionally cite to subsection (1) in addition to subsection (3), the latter of which clearly comprised the substance of Count 8. (*Compare* dkt. 10 at ECF 51, 57 (referencing subsection (1) in indictment and plea agreement) *with id*. at ECF 53, 55, (citing subsection (3) and including associated language and facts in Count 8 of the indictment), 57 (plea agreement provision that Groggins "will enter a plea of guilty to Count[] . . . 8 of the Indictment").

Although drafting oversights in key criminal filings are disconcerting, reading the documents on the whole—both together and when analyzed separately—leaves no doubt that Groggins was charged with and pled guilty to a violation of subsection (3), not subsection (1).[3]

---

[3] *See United States v. Padgett*, 233 F. App'x 223, 228 (4th Cir. 2007) ("Even though Defendant argues that he entered a plea agreement for theft of property, not a violent burglary felony offense, examining the Judgment as a whole reveals that the theft of property citation was
– 7 –

Moreover, the judgment itself makes clear that subsection (3) was the operative provision, as does the guilty plea hearing transcript and written statement of facts forming the basis of the plea. (Dkt. 10 at ECF 15, 42; dkt. 27-1 at 6 (summarizing elements of Count 8, including that Groggins "intentionally failed to disclose a material fact"), 14-15 (summarizing facts proving that element); dkt. 27-2 at ECF 3).[4] Accordingly, Groggins' position does not impeach the Bankruptcy Court's ruling.

\* \* \*

For the reasons explained above, the Bankruptcy Court's order granting a denial of discharge (dkt. 1-2) will be affirmed. The U.S. Trustee's motion for judicial notice will be granted. (Dkt. 27). The Clerk of the Court is hereby directed to send a certified copy of this opinion and the accompanying order to all counsel of record and to Groggins.

Entered this 30th day of August, 2016.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

a typographical error—all other indicators of the offense on the face of the Judgment point to a felony."); *see also United States v. Hart*, 176 F. App'x 415, 416 (4th Cir. 2006) (permitting amendment when indictment, plea agreement, and judgment do not identically describe the relevant offense); *United States v. Chavez-Reyes*, 29 F. App'x 125, 126 (4th Cir. 2002).

[4] At oral argument and as further proof that he was not convicted under subsection (3), Groggins cited the Bankruptcy Court's single reference (dkt. 1-2 at 4) to his conviction as under subsection (1). This is but a mere typographical error, for it is clear from the substance of the Bankruptcy Court's opinion that it (correctly) understood Groggins as having been convicted under subsection (3), regarding false oaths, not subsection (1), regarding concealment of assets. (*E.g.*, dkt. 1-2 at 2, 3 (discussing relevance of Maryland petition), 4 (referring to Groggins' failure to disclose Maryland petition and making a false oath), 5-6 (discussing false oath guilty plea and corresponding false oath section of the bankruptcy code)).

– 8 –